UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID SCOTT CLARK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:24-cv-01158-HEA |
| BRENDA SHORT, et al., | ) ) ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

Before the Court is the motion of Plaintiff David Scott Clark, a prisoner, for leave to proceed in forma pauperis in this civil action. The Court has reviewed the motion and the financial information provided in support, and will grant the motion and assess an initial partial filing fee of $1.00. The Court will also dismiss Plaintiff's official capacity claims, and direct the Clerk of Court to effect service of process as to Plaintiff's individual capacity claims.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has filed an inmate account statement, but it contains limited information. It shows a current account balance of $.04, but it does not detail any of Plaintiff's account activity. It shows that Plaintiff owes four outstanding debts, and lists the amounts Plaintiff has paid to date and the remaining balances. Plaintiff explains one of those debts as follows: "I owe the state $1704.14 so any time money is put on my books (which is never) the state takes all of it and will continue to do so until $1704.14 is paid off. I have no source of income so I have owed the state this money for many years." (ECF No. 3). According to the account statement, Plaintiff has paid $236.73 towards that debt. The account statement shows no information about when those payments were made.

The Court will assess an initial partial filing fee of $1.00, and direct Plaintiff to pay that amount within 30 days. If Plaintiff wishes to claim he is unable to pay $1.00, he must support that claim with an updated certified inmate account statement that details all of his account activity.

**Legal Standard on Initial Review**

Federal law requires this Court to review a complaint filed in forma pauperis, and dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2). To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to reasonably infer that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must

"accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372–73 (8th Cir. 2016) (stating that the court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

This Court must liberally construe a layperson's complaint. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, this Court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even laypersons must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914–15 (8th Cir. 2004) (stating federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, this Court is not required to interpret procedural rules in ordinary civil litigation so as to excuse the mistakes of those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is currently incarcerated at the Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), but his claims arose when he was incarcerated at the Jefferson County Jail. Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983 against Jefferson County Jail Administrator Brenda Short, and Jefferson County Jail nurses Chelsea Unknown and Becky Unknown. Plaintiff sues the Defendants in their individual and official capacities. He claims the

3

Defendants failed to provide constitutionally adequate medical care for his broken foot. In support, he alleges as follows.

On January 10, 2022, Plaintiff suffered a broken foot. Two days later, x-rays were taken. Nurse Chelsea told Plaintiff "that the results came back and that my foot was not broken." (ECF No. 1 at 3). Plaintiff alleges his foot was "clearly visually broken as the bones were trying to protrude through the skin on the top of my foot." *Id.* However, Nurse Chelsea used profanity and told Plaintiff to stop "faking an injury." *Id.*

Plaintiff "was taken to the hole and put on the top floor on a top bunk." *Id.* Plaintiff "did everything possible during the following days to try to get my foot re-checked. I talked to every officer I seen and also filed many grievances to medical and also" to Short. *Id.* at 3-4. He alleges that Nurse Chelsea saw his foot "a few times during the time she was telling me that it was not broken. Anyone could tell by the looks of it that it was broken and Chelsea neglected to anything about it." *Id.* at 7. He alleges that Nurse Becky was the head nurse, and handled the grievance procedure for the nursing department. He alleges she "took Chelsea's word for it that my foot was not broken and neglected to see me even though I filed multiple grievance forms stating extreme pain in foot and bones poking skin." *Id.* Plaintiff alleges he was threatened with punishment when he tried to get treatment. For example, he alleges that Short told him he would be "punished" if he continued to complain about his foot, and could not call his attorney to falsely claim that his foot was broken. *Id.* at 5.

On or about January 20, a non-party nurse "visually checked out my foot and said that it was clearly broken and that she would get me back in for x-rays the next morning." *Id.* at 4. The x-rays showed that Plaintiff's foot was broken in three places. He was given a boot and a wheelchair and taken to the medical pod, given pain medication, and scheduled for medical

appointments. He was given a bottom bunk, and told to remain non-weight bearing. He required surgery to repair his foot, but his bones did not heal properly. He seeks monetary relief.

## Discussion

Plaintiff's claims of constitutionally inadequate medical care arise from events that occurred in January of 2022, and according to public information published on Missouri Case.net, it appears he was not convicted and sentenced for the crimes for which he was being held until June of 2024. *See State v. David Scott Clark,* No. 21JE-CR00612-01 (23rd Jud. Cir. 2021). It therefore appears that Plaintiff was a pretrial detainee during the relevant events.

A pretrial detainee's right to adequate medical care arises under the Fourteenth Amendment's Due Process Clause. However, courts apply the Eighth Amendment deliberate indifference standard to these claims. *Barton v. Taber,* 908 F.3d 1119, 1124 (8th Cir. 2018) (citation omitted). To establish a constitutional violation based on deliberate indifference, Plaintiff must show that he suffered from an objectively serious medical need, and that the Defendants actually knew of, and deliberately disregarded, that need. *Id.*

A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would recognize it. *Leonard v. St. Charles Cnty. Police Dep't*, 59 F.4th 355, 360 (8th Cir. 2023) (quoting *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011)). Deliberate disregard is a mental state "equivalent to criminal-law recklessness, which is 'more blameworthy than negligence,' yet less blameworthy than purposely causing or knowingly bringing about a substantial risk of serious harm to the inmate." *Schaub,* 638 F.3d at 914-15 (quoting *Farmer v. Brennan,* 511 U.S. 825, 835, 839-40 (1994)).

The Court first addresses Plaintiff's individual capacity claims against Short, Nurse Chelsea, and Nurse Becky. Plaintiff alleges that his foot was "clearly visually broken as the

bones were trying to protrude through the skin on the top of my foot," but Nurse Chelsea used profanity and told him to stop faking an injury. (ECF No. 1 at 3). He alleges that Nurse Chelsea saw his foot "a few times during the time she was telling me that it was not broken," but did not do anything about it even though "[a]nyone could tell by the looks of it that it was broken." *Id.* at 7. Plaintiff also alleges he repeatedly asked for treatment for extreme pain, and described bones poking against his skin. He alleges that Short and Nurse Becky were aware of those complaints, but did not provide treatment. He also alleges he was threatened with punishment if he continued to complain. The Court finds that Plaintiff has sufficiently stated Fourteenth Amendment claims against Short, Nurse Chelsea, and Nurse Becky in their individual capacities. The Court will therefore require them to respond to the complaint.

Plaintiff's official capacity claims will be dismissed. Naming a government official in her official capacity is the equivalent of naming the government entity that employs her. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Plaintiff identifies the Defendants as employees of the Jefferson County Jail, which is not an entity that can be sued under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992). Additionally, the complaint contains no allegations of a policy or custom of unconstitutional action, as necessary to state a municipal liability claim. *See Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Order, Plaintiff must pay an initial filing fee of $1.00. Plaintiff must make his remittance payable to

6

"Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's official capacity claims against Defendants Brenda Short, Chelsea Unknown, and Becky Unknown are **DISMISSED** without prejudice. An order of partial dismissal will accompany this Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint as to Defendants Brenda Short (Jefferson County Jail Administrator), Chelsea Unknown (Jefferson County Jail Nurse), and Becky Unknown (Jefferson County Jail Nurse). Defendants shall be served by issuance of summons and personal service by the U.S. Marshals Service at the Jefferson County Jail, 510 First Street, Hillsboro, Missouri, 63050.

Dated this 14th day of November, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE